Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Harriet Pattison, Appellee.

Argued April 11, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Harold H. Cramer*, with him *Bradley L. Mallory* and *John L. Heaton*, Assistant Attorneys General, *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester, Jr.* and *Robert P. Kane*, Attorneys General, for appellant.

*Murry Powlen*, for appellee.

PER CURIAM MEMORANDUM OPINION, June 3, 1980:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Harriet Pattison (appellee) from the suspension of her motor vehicle operating privileges.

The appellee pleaded guilty to a charge that she had improperly passed a stopped school bus. Upon receipt of the certificate of her conviction, the Department acting pursuant to Section 1535 of the Vehicle Code, 75 Pa. C.S. §1535, assigned five points to her driving record and suspended her operating privileges for thirty days. The common pleas court reversed the Department's action on the grounds that the appellee was misled by the arresting officer into believing that if she paid her fine no further penalty would be imposed.

We believe that our recent decision in *Department of Transportation, Bureau of Traffic Safety v. Grobes*, 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979) is controlling. There we held that the common pleas court's scope of review in these cases is limited to the question of whether or not the Department acted properly upon receipt of the certificate of a conviction. We further held that the propriety of the conviction is

not subject to collateral attack in such an administrative appeal. We must therefore reverse the order of the court below.

ORDER

AND, Now, this 3rd day of June, 1980, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.