504 A.2d 980

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Timothy James McVay, Appellee.

Submitted on briefs October 22, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Kenneth E. Kendell*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

Opinion by Judge Barry, February 14, 1986:

This appeal stems from an order of the McKean County Court of Common Pleas which reversed the Department of Transportation's (DOT) driver's license suspension of the appellee, Timothy James McVay. We must determine whether the trial court committed error in reversing the suspension.

The appellee was cited on July 7, 1980 by Bradford City police for fleeing or attempting to elude a

police officer. Thereafter, the appellee visited the District Justice's office and arranged to begin paying off the fine which accompanied the citation. Following satisfaction of the penalty, and some undetermined time thereafter, the District Justice on April 23, 1982 certified the conviction to DOT, which promptly mailed to the appellee a Notice of Suspension. The six month suspension was imposed pursuant to section 1532(b) of the Vehicle Code, which mandates such a suspension following conviction under the ''fleeing or eluding'' charge.

In the trial court, the appellee was successful in having the suspension overturned. The court, noting (1) that there was a deficiency of evidence to support the conviction; (2) that a two-year delay was involved; and (3) that the defendant was never afforded an opportunity to be heard, concluded that the suspension could not stand. DOT has appealed the latter ruling.

Our review in the present appeal is, of course, limited, since the only issues in a license suspension case are ''whether the licensee was in fact convicted and whether the Bureau has acted in accordance with applicable law.'' *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa. Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982). We find that sufficient evidence supports appellee's conviction, and that DOT has acted according to its statutory mandate. We therefore reverse.

In so ruling we have rejected the trial court's conclusion that the evidence of the underlying conviction was deficient. This conclusion was premised on the fact that the reproduction of the citation which purported to bear notation of the appellee's conviction was so poor as to make the document illegible. The citation is admittedly blurred; one cannot discern with clarity the words ''pled guilty'' within a circle which has been drawn around certain words in the lower left

hand corner of the citation form. Nevertheless, the inclusions were on a standard Pennsylvania citation form, and the trial court has erred in determining that insufficient evidence existed to support the conviction due to the poor reproduction. Additionally, the record demonstrates that the appellee did not even contest the fact of conviction, which contest would have been difficult in light of his payment of the fine. The payment bears with it a concomitant admission of conviction. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).

We are also at odds with the trial court's conclusion that the appellee was afforded no opportunity to be heard. Indeed, the appellee appeared no less than three times at the office of the District Justice in order to make installment payments on the fine; that on his initial trip he was apparently not aware that he could contest the citation does not compel the conclusion that his due process right to be heard had been violated. In any case, the appellee's initial challenging of the conviction in the context of a suspension appeal was not proper, as such a proceeding is civil, and not criminal, in nature. *Department of Transportation Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981).

Finally, the trial court overlooked the fact that the delay involved in the present case was due to the failure of the District Justice to notify DOT of the conviction. It has long been held that no delay is chargeable to DOT before receipt of the certified conviction. *Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa. Commonwealth Ct. 203, 205, 424 A.2d 604, 605 (1981). In the present case, only ten weeks separate the date on which the District Justice mailed the certificate of conviction and the date on which appellee received the suspension notice. As this period was neither excessive nor prejudicial, the trial

court has erred in assigning delay as a ground for reversal of the suspension.

Accordingly, we reverse and reinstate the suspension.

### ORDER

Now, February 14, 1986, the order of the Court of Common Pleas of McKean County is reversed and the order of the Department of Transportation is reinstated.