506 A.2d 514

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Marlin G. Conner, Appellee.

Submitted on briefs February 3, 1986, to Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Lester H. Zimmerman, Jr., Barron & Zimmerman,* for appellee.

OPINION BY JUDGE DOYLE, March 19, 1986:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Mifflin County sustaining the appeal of Marlin G. Conner (Licensee) from the revocation by DOT of Licensee's operating privileges for a five year period pursuant to Section 1542 of the Vehicle Code (New Code), 75 Pa. C. S. §1542 (habitual offender provision).

The sole issue for our consideration is whether an offense committed by Licensee on April 30, 1977 when the Vehicle Code of 1959[1] (1959 Code) was in effect should be counted in determining whether the Licensee is a habitual offender under Section 1542 of the New Code. The trial court held that it should not.

Licensee's first conviction resulted from a violation of Section 1037 of the 1959 Code. Section 1037 provided in pertinent part, "It shall be unlawful for any person to operate a motor vehicle . . . while under the influence of intoxicating liquor. . . ." Licensee's other two convictions arose under Section 3731 of the New Code and stemmed from violations occurring on September 10, 1977 and May 17, 1980 respectively. Section 3731, prior to a 1982 amendment not relevant here, provided in pertinent part, "A person shall not drive any vehicle while: (1) under the influence of alcohol to a degree which renders the person incapable of safe driving. . . ."

DOT counted the above noted three violations and then revoked Licensee's operating privileges for a five year period pursuant to the habitual offender section of the New Code.

Subsection (a) of Section 1542 of the New Code defines a habitual offender as follows:

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* formerly 75 P.S. §§101-2521, repealed by the Act of June 17, 1976, P.L. 162.

A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) *committed after the effective date of this title* and within any period of five years thereafter. (Emphasis added.)

Subsection (b) provides:

Offenses Enumerated.——Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in Section 1532 (relating to revocation or suspension of operating privilege).

Specifically included in Section 1532 is Section 3731 of the New Code. The question of whether offenses occurring prior to the general enactment of the New Code can be counted under the provisions of the habitual offender statute has already been dealt with in *Department of Transportation, Bureau of Traffic Safety v. Eichhorn,* 73 Pa. Commonwealth Ct. 425, 458 A.2d 322 (1983), *petition for allowance of appeal denied,* November 4, 1983 No. 370 E.D. Allocatur Docket 1983. We held there[2] that Section 1542, which enumerates the traffic offenses to be used in designating habitual offenders, became effective on June 17, 1976 (the date the Governor signed the law) and not on the date the New Code became generally effective, *i.e.,* July 1, 1977.

---

[2] The decision of the Court was pronounced by a three judge panel, one judge dissenting.

Licensee attempts to distinguish *Eichhorn* by arguing that in *Eichhorn* the offense in dispute (driving without lights to avoid identification or arrest) was virtually the same under both the 1959 Code and the New Code whereas the language of Section 1037 of the 1959 Code is substantially *different* from the language of Section 3731 of the New Code and hence constitutes an entirely different offense. We said in *Eichhorn* that it is the nature of the offense that controls and the nature of the offense under Section 1037 *is* the same as that under Section 3731. We thus reject Licensee's argument. Certainly both provisions deal with operating a motor vehicle while under the influence of alcohol. The additional words in the newer provision do not change the *nature* of the offense, but merely clarify the standard of intoxication which is not tolerated.

Finally, Licensee argues that counting the April 30, 1977 offense under the New Code constitutes ex post facto application of a penalty and hence is impermissible. It is axiomatic that the ex post facto limitation applies only to *criminal* actions. *United States ex rel. Forman v. McCall*, 709 F.2d 852, 857 (3rd Cir. 1983). A license revocation is not a criminal proceeding, but a civil one. *Callan v. Department of Transportation, Bureau of Traffic Safety*, 19 Pa. Commonwealth Ct. 635, 339 A.2d 163 (1975); *see also Zanotto v. Department of Transportation*, 83 Pa. Commonwealth Ct. 69, 475 A.2d 1375 (1984) (revocation of license is *civil* proceeding and not subject to double jeopardy clause). Hence, Licensee's argument is without merit and must be rejected.

Having determined that *Eichhorn* controls here we accordingly reverse the order of the lower court and direct reinstatement of the DOT revocation.

ORDER

Now, March 19, 1986, the order of the Court of Common Pleas of Mifflin County, Civil Action No. 1538 of 1980, dated January 23, 1981, is hereby reversed and the Department of Transportation revocation is reinstated.