508 A.2d 397

John Allen Kuzar, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Bruce F. McKenrick, McKenrick & McKenrick,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge Blatt, April 30, 1986:

John Allen Kuzar (appellant) appeals the order of the Court of Common Pleas of Cambria County (trial court) which sustained the suspension of his driver's license imposed by the Department of Transportation, Bureau of Traffic Safety (Department) as mandated by Section 1532(b) of the Vehicle Code (Code), 75 Pa. C. S. §1532(b) due to his conviction under Section 3731 of the Code, 75 Pa. C. S. §3731 (driving under the influence of alcohol or controlled substance).

The sole issue raised by the appellant[1] is whether or not the scope of the trial court's inquiry, when it is reviewing a driver's license suspension due to a conviction for certain violations of the driving laws, is so limited as to violate his due process rights under the Fourteenth Amendment to the United States Constitution. Specifically, the appellant wishes to introduce evidence, which he claims became available subsequent to his guilty plea, that the breathalyzer upon which he was tested was defective. He claims that his preclusion from so doing in the context of the instant proceeding violates his right to a fair and meaningful hearing. We disagree.

As the appellant acknowledges, our case law is well-settled that judicial review of an administrative suspension of a driver's license due to a conviction for violating the traffic laws is limited to determining whether or not the motorist, in fact, has been convicted of the traffic

---

[1] The Department contends in its brief that the appellant failed to preserve this issue for appeal by not raising it before the trial court. The record, however, contains the appellant's Petition for Hearing in Suspension of Operator's License and the proposed findings of fact and conclusion of law which he submitted to the trial court, both of which explicitly refer to the constitutional challenge raised on appeal. Moreover, the transcript from the hearing in the trial court reveals that the appellant's counsel specifically raised the constitutional argument in his closing argument. Obviously, we must, therefore, address the merits of the appellant's argument.

violation and whether or not the Department has faithfully observed the provisions of the Code in issuing the suspension. *See Department of Transportation v. Schmidt*, 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981). The trial court may not, in such a civil proceeding, consider the question of whether or not the driver should have been convicted. *Id.*

Our review of this record indicates that the appellant, after consultation with his attorney in the criminal matter, freely chose to plead guilty to the charge of driving under the influence. Upon becoming aware of the alleged after-discovered evidence, he could have attempted to withdraw his guilty plea. *See* Pa. R. Crim. P. 320 and 321. Not having availed himself of those procedural due process safeguards in the criminal process, he cannot now be permitted to attack his criminal conviction in this civil proceeding. *See Callan v. Bureau of Traffic Safety*, 19 Pa. Commonwealth Ct. 635, 339 A.2d 163 (1975) (driver suspension and revocation proceedings must be considered civil in nature; therefore, procedures which otherwise might invalidate a criminal conviction do not necessarily invalidate the revocation of a driver's license). Under these circumstances, therefore, we find no due process deprivation.[2]

Accordingly, we will affirm the order of the trial court.

## ORDER

AND NOW, this 30th day of April, 1986, the order of the Court of Common Pleas of Cambria County, dated July 18, 1983, in the above-captioned matter is affirmed.

---

[2] Our review of the order of a common pleas court in a license suspension case is limited to determining whether or not the findings of that court are supported by competent evidence and whether or not there has been an error of law. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984).