530 A.2d 980

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Arnold, Appellee.

Submitted on briefs May 21, 1987, before Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Robert L. Federline,* for appellee.

OPINION BY JUDGE DOYLE, August 28, 1987:

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Allegheny County, sustaining the appeal of James Arnold (Appellee) from DOT's order revoking his operating privilege for six months, as per Section 1543(c) of the Vehicle Code (Code), 75 Pa. C. S. §1543(c) (driving while operating privilege is suspended or revoked).[1]

Appellee's license was first suspended on March 14, 1983. On June 20, 1983, Appellee received a citation under Section 1543(a) of the Code, for driving while his operating privilege was suspended. Appellee was convicted of this violation on July 31, 1985. Subsequently, on February 28, 1986, Appellee was notified by DOT that, as a result of this conviction, his driving privilege would be revoked for six months, effective April 4, 1986. Appellee appealed to the court of common pleas

---

[1] Section 1543 was amended on December 11, 1986. This amendment, effective in February, 1987, has no application to this appeal.

which, on May 7, 1986, sustained the appeal "because all the matters relating to the suspension had not been completed within two years . . .". On appeal of that decision to our Court, DOT asserts that, although Appellee could have successfully appealed his *criminal* conviction on a statute of limitations basis, he is precluded from launching a collateral attack of that conviction in a civil license suspension proceeding. We agree.

It is, by now, well settled that a license suspension is a civil proceeding in which the underlying criminal conviction may not be attacked. *Department of Transportation, Bureau of Traffic Safety v. Conroy,* 100 Pa. Commonwealth Ct. 461, 514 A.2d 1006 (1986). In this type of administrative proceeding, the lower court's inquiry is limited to the determination of whether the driver has, in fact, been convicted of a traffic violation and whether DOT has faithfully observed the provisions of the Code in revoking the driver's operating privilege. The lower court may not consider the propriety of the underlying criminal conviction in a suspension appeal. *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982).

Appellee contends that *any* proceeding pursuant to a summary offense under the Code, including a civil license suspension or revocation proceeding, is subject to the two year statute of limitations found in Section 5553(e) of the Judicial Code, 42 Pa. C. S. §5553(e). In a previous case, dealing directly with this issue we held, however, that it applies only to criminal proceedings, and not to license suspension proceedings, which are civil in nature. *Lewis v. Commonwealth,* 73 Pa. Commonwealth Ct. 607, 458 A.2d 1053 (1983), *cert. denied,* 465 U.S. 1066 (1984) and we decline Appellee's invitation to overrule *Lewis.*

Appellee relies on *Commonwealth v. Jannenga,* 335 Pa. Superior Ct. 77, 483 A.2d 963 (1984), where the Superior Court found, since it was faced with an appeal that was purely criminal in nature, that *Lewis* was inapposite. We likewise find that *Jannenga* is inapposite and of no effect on the vitality of *Lewis.*

Accordingly, the decision of the trial court is reversed, and the revocation order of the Department of Transportation is reinstated.

### ORDER

Now, August 28, 1987, the order of the Court of Common Pleas of Allegheny County in the above captioned matter is hereby reversed, and the Department of Transportation's revocation of the operating privilege of James Arnold for the period of six months is hereby reinstated.