531 A.2d 871

Marlyn R. Levan, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 20, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Stephen Peter Vlossak, Sr.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, October 2, 1987:

Marlyn Levan (appellant) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) which dismissed his appeal from a Department of Transportation (DOT) order suspending his motor vehicle operating privileges for six months.

In September of 1984 the appellant was convicted of violating Section 3743(a) of the Vehicle Code (Code) 75 P.S. §3743(a) (leaving the scene of an accident involving damage to attended vehicle or property). His motor vehicle license was thereafter automatically suspended for six months, pursuant to Section 3743(b) of the Code. He appealed the license suspension, and, after a hearing on the matter, the trial court dismissed the appeal.

Our scope of review in appeals from license suspensions, of course, is limited to determining whether or not the trial court abused its discretion or committed an error of law. *Appeal of Finkelstein,* 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983).

The appellant initially contends that the lower court committed an error of law by refusing to overturn DOT's suspension of his license. To support this argument, he avers that, when he was given his citation pursuant to Section 3743 of the Code, the state policeman issuing the citation told him that his license would not be suspended when he paid his fine. Thus, he contends that DOT had no power to suspend his license. This issue, however, was squarely addressed in *Department of Transportation, Bureau of Traffic Safety v. Pattison,* 52 Pa. Commonwealth Ct. 1, 415 A.2d 435 (1980), wherein the licensee claimed that her license should not be suspended because she was misled into believing that, if she paid her fine, no further penalty would be imposed. We rejected that argument on the grounds that 1) it was a matter beyond the common pleas court's scope of review, and 2) a criminal conviction is not sub-

ject to collateral attack in an administrative license suspension appeal. The only issues a lower court may review in determining whether or not a license suspension is proper are 1) whether or not the licensee was in fact convicted, and 2) whether or not DOT acted as required by statute. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981). And, of course, we must note that the Commonwealth here properly introduced the appellant's certificate of conviction at the hearing before the trial court.

Furthermore, although the appellant admits that a driver cannot collaterally attack his criminal conviction in a civil proceeding by challenging the mandatory license suspension which follows that conviction, *Commonwealth of Pennsylvania, Department of Transportation v. McVay,* 95 Pa. Commonwealth Ct. 154, 504 A.2d 980 (1986); *Pattison;* he argues that he is not attempting to overturn his conviction but rather is merely challenging the suspension which followed that conviction. This argument is wholly spurious, because a license suspension under 75 Pa. C. S. §1532(b) follows *automatically* upon conviction for a violation of 75 Pa. C. S. §3743. We believe, therefore, that DOT acted in accordance with law when it suspended the appellant's operating privileges for six months.

Having determined that all of the substantive issues raised on appeal are without merit, and inasmuch as case law is contrary to the appellant's position, we must now address DOT's claim that the appellant's arguments are frivolous. And, if we so determine, we may award counsel fees to DOT. Pa. R.A.P. 2744.

A frivolous appeal, of course, is one in which "no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Collis v. Zoning*

*Hearing Board, City of Wilkes-Barre,* 77 Pa. Commonwealth Ct. 4, 10, 465 A.2d 53, 57 (1983) (citations omitted). And we held in *Appeal of Langmaid Lane Homeowners Association,* 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983) that:

> The key point . . . is a determination of whether, either as a matter of fact or law, the appellant's contentions have any likelihood of success. The question involves more than just whether the appellant may win or lose, but rather involves whether the continuation of the contest is reasonable.

*Id.* at 60, 465 A.2d at 75.

In this case, the only issues that the appellant raises have earlier been unequivocally decided to the contrary by this Court. Furthermore, he has made no attempt to distinguish case law directly contrary to his position. We do not believe, therefore, that his decision to appeal to this Court was reasonable. Accordingly, we must hold that his contentions are frivolous and, therefore, that DOT is entitled to an award of counsel fees.

We will, therefore, affirm the order of the trial court and remand this matter for an award of counsel fees.

## ORDER

AND NOW, this 2nd day of October, 1987, the order of the Court of Common Pleas of Lehigh County in the above-captioned case is affirmed, and this matter is remanded for a determination of reasonable counsel fees to be awarded to the Department of Transportation.

Jurisdiction relinquished.