541 A.2d 1167

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Timothy W. Bailey, Appellee.

Submitted on briefs March 7, 1988, to President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Lawrence L. Davis,* for appellee.

OPINION BY JUDGE BLATT, May 23, 1988:

The Department of Transportation (DOT) appeals the order of the Court of Common Pleas of Cambria County remanding the instant matter to a magistrate for further factual determinations regarding Timothy W. Bailey's (appellee) conviction for violation of Section 3743(a) of the Vehicle Code, (Code) 75 Pa. C. S. §3743(a) (accidents involving damage to attended vehicle or property). We reverse and reinstate DOT's suspension of the appellee's operating privilege.

The appellee was convicted on February 4, 1987 after pleading guilty to violating Sections 3334(a) and 3743(a) of the Code, 75 Pa. C. S. §§3334(a) and 3743(a). Upon receiving the certified record of the appellee's conviction, DOT notified the appellee that his driving privileges would be suspended for six months in accordance with Section 1532(b)(1) of the Code, *as amended,* 75 Pa. C. S. §1532(b)(1). This suspension was appealed to the Court of Common Pleas of Cambria County.

At the de novo hearing, evidence was heard concerning whether the appellee's underlying conviction was proper. Specifically, the appellee testified that the vehicle which he had hit was not damaged, and that, therefore, he cannot be guilty of violating Section 3743(a). He further testified that, when he stated that

he was guilty and agreed to pay the fines and costs, he was unaware that this would result in the suspension of his operating privilege. The trial court stated that it would be unfair for the appellee to be punished with a six month suspension when in reality he had not violated Section 3743(a), and it, therefore, ordered that the case be remanded to a magistrate to take evidence and to make a factual determination as to whether there had been damage to the vehicle struck by the appellee. The court's order further directed that, if it was found that there had been no damage, then the Section 3743(a) charge against the appellee was to be dismissed and DOT was to be notified.

We note initially that a remand order would normally be interlocutory and, therefore, not appealable. We are reviewing the instant case on the merits, however, because we believe that the trial court lacked the authority to order the remand, which would allow an impermissible collateral attack on the underlying conviction.

The appellee requests that we affirm the order of the trial court with the exception that, if it is found that he caused no damage to the vehicle which he struck, then the charge against him should not be dismissed. He requests instead that DOT be notified that there should be no suspension of his operating privilege.

In cases involving the suspension of the operating privilege due to a conviction for violation of the Code, the only issues to be resolved are whether there has been a conviction and whether DOT has complied with applicable law. *Department of Transportation, Bureau of Driver Licensing v. Arnold*, 109 Pa. Commonwealth Ct. 45, 530 A.2d 980 (1987). In the instant case, certified copies of the appellee's driving record and citation were admitted into evidence at the hearing and are contained in the record. Moreover, there has been no alle-

gation of impropriety on the part of DOT. The resolution of the issues, therefore, is clear.

It is well settled that the underlying criminal conviction cannot be attacked in a license suspension appeal. *Arnold*. Moreover, the appellee's suggestion that the suspension may merely be reversed is not possible, because suspension *automatically* follows a Section 3743 conviction. *Levan v. Commonwealth*, 110 Pa. Commonwealth Ct. 58, 531 A.2d 871 (1987). Although the trial court's concern with fairness is admirable, we believe that it did not follow the proper procedure here.

Accordingly, we will reverse the order of the trial court.

ORDER

AND NOW, this 23rd day of May, 1988, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is reversed, and the suspension of the operating privilege of Timothy W. Bailey is reinstated.