542 A.2d 640

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Ricardo Dlubak, Appellee.

Submitted on briefs March 1, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Ricardo Dlubak,* for himself.

OPINION BY JUDGE DOYLE, June 9, 1988:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Butler County which reversed DOT's action in suspending the operating privileges of Ricardo Dlubak (Licensee) pursuant to Section 1543(c) of the Vehicle Code, 75 Pa. C. S. §1543(c) (driving while under a suspension).

It is uncontested that Licensee had been found guilty of this offense by the District Justice on August 20, 1985. The trial court recognized this fact at the *de novo* hearing, and, in addition, Licensee admitted to it at the hearing. The trial court determined, however, that because the District Justice had not advised Licensee that a plea of guilty (which did not occur because Licensee was *found* guilty) would result in an automatic suspension, the DOT action should be reversed. The trial court also determined that Licensee had a plausible defense in that he was never aware that he was driving while under a suspension. Licensee's unawareness was due to a change of his address which had been sent to DOT by the local AAA Club, but apparently never was received. Based upon these findings, the trial court determined that suspending Licensee's operating privileges would be án "extremely unjust result and that the defendant would be most likely deprived of his livelihood even though he had no knowledge that he was violating the law." Accordingly, the trial court sustained Licensee's appeal. This appeal ensued.

Our scope of review over the determination of the trial court is limited to determining whether its findings of fact are substantiated by competent evidence and whether it committed an error of law. *Phillips v. Com-*

*monwealth,* 84 Pa. Commonwealth Ct. 217, 219 n.1, 478 A.2d 958, 959 n.1 (1984). Upon receipt of a certified record of conviction for a violation of Section 1543(a) of the Vehicle Code, DOT is required to revoke the licensee's operating privileges for a period of six months pursuant to Section 1543(c). Our review of such a revocation is limited to determining whether the licensee has, in fact, been convicted of a traffic violation and whether DOT· has observed the mandatory provisions of the Vehicle Code. *Kuzar v. Department of Transportation, Bureau of Traffic Safety,* 96 Pa. Commonwealth Ct.. 626, 508 A.2d 397 (1986). Further, once the criminal conviction is established, the propriety of that conviction is not subject to collateral attack in the DOT license suspension proceeding. *Id.; Department of Transportation, Bureau of Traffic Safety v. Pattison,* 52 Pa. Commonwealth Ct. 1, 415 A.2d 435 (1980).

Here, it is evident that the trial court erred when it considered the question of whether the Licensee should have been convicted. Such consideration involved the type of collateral attack which *Pattison* and *Kuzar* forbid.

Because we have determined that the trial court committed an error of law in permitting a collateral attack on the underlying criminal conviction, we must reverse its order.

ORDER

Now, June 9, 1988, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby reversed and the suspension of Licensee's operating privileges is reinstated.