584 A.2d 360

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Roberta L. (Van Horn) PULLEYN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Nov. 9, 1990.

Reconsideration Denied Jan. 8, 1991.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellant.

No appearance for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which granted a motion to strike a judgment dismissing the appeal of Rober-

ta L. (Van Horn) Pulleyn (Licensee)[1] from a suspension of her driving privileges pursuant to Section 1532(b) of the Vehicle Code,[2] and remanded the matter to DOT with directions to correct its records to reflect that Licensee was found not guilty of the offense underlying the suspension.[3]

Licensee was cited for fleeing or attempting to elude police. DOT alleges that Licensee paid the fine for the citation, which constituted a guilty plea to the offense. Thereafter, she received a notice from DOT, dated April 10, 1986, that her driving privileges were being suspended for a conviction of fleeing or attempting to elude police. Licensee appealed the suspension and on September 23, 1986, following a hearing, Judge Robert A. Doyle entered an order remanding the case to the district magistrate and ordering a hearing nunc pro tunc (1986 Order) on the citation.[4] This order was not appealed. The district magistrate held a hearing pursuant to the 1986 Order and found Licensee not guilty of the offense.

The original appeal from DOT's notice of suspension was not resolved in the trial court and remained as a pending case on the prothonotary's docket. DOT requested a hearing on this pending appeal several years after the district magistrate's verdict of not guilty, and one was held on February 21, 1989. Neither Licensee nor her counsel appeared at the hearing and the trial court entered an order

1.  At the outset of this matter, Licensee's name was Van Horn. She changed her name to Pulleyn during the pendency of this appeal.

2.  75 Pa.C.S. § 1532(b). Suspension of driving privileges upon receipt of a certified record of a driver's conviction of 75 Pa.C.S. § 3733 (Fleeing or attempting to elude a police officer.)

3.  The order also stayed any action on a suspension notice based on the offense underlying the suspension.

4.  The 1986 Order states:
    And now, to wit this 23rd day of September, 1986, upon appearance of [Licensee] before this Honorable Court, it is the order of this Honorable Court that [Licensee] shall have a hearing NUNC PRO TUNC on Citation No. 048012T, issued on January 18, 1986, for alleged violation of Section 3733(a) of the Pennsylvania Motor Vehicle Code before Magistrate James H. Bowen, 1330 Evergreen Avenue, Pittsburgh, PA 15209, on Tuesday, October 14, 1986, at 9:45 A.M.

dismissing the appeal. Thereafter, DOT mailed Licensee a notice dated March 20, 1989, stating that because Licensee's appeal had not been successful the suspension was reinstated.

On April 19, 1989, Licensee filed a motion to strike the February 21, 1989 order dismissing her appeal. A hearing was held before Judge Alan S. Penkower, after which he issued an order on April 19, 1989, in which he found that neither Licensee nor her counsel received notice of the February 21, 1989, hearing and granted the motion to strike. Judge Penkower also remanded the matter to DOT for it to correct Licensee's driving record to indicate that Licensee had been found not guilty of the offense underlying the suspension. Judge Penkower ordered a stay of any action on the suspension pending the resolution of the remand.[5]

DOT now appeals this order to this court raising only one issue: whether Judge Doyle had jurisdiction or authority to order the remand in the 1986 Order which permitted the district magistrate to hold a hearing nunc pro tunc on the citation underlying the suspension.[6]

5. The April 1989 Order states:
   And now, to-wit, this 19th day of April, 1989, upon consideration of [Licensee's] Petition to strike February 21, 1989 Order of Court dismissing statutory appeal, and after hearing thereon, the Court finds that neither [Licensee] nor her counsel received notice of the hearing scheduled for February 21, 1989, nor of the disposition thereon. The Court further finds that [Licensee] has a meritorious defense to the underlying suspension which is the subject of the instant appeal. WHEREFORE, IT IS HEREBY ORDERED that: (1) The Petition to Strike is GRANTED and the February 21, 1989 Order of Court dismissing the above statutory appeal shall be stricken; (2) The appeal shall be REMANDED to the Department of Transportation for the purpose of correcting the driving record of [Licensee] to reflect the "not guilty" verdict on the underlying conviction which served as the basis for the suspension; and (3) the Notice of Suspension dated March 20, 1989, reinstating the action of the Department of Transportation is STAYED pending resolution of the remand.

6. Our scope of review is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the trial court's order demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of*

DOT argues that the trial court, in the context of a civil suspension appeal, lacks jurisdiction to vacate an underlying summary conviction and order a nunc pro tunc hearing on the original violation.  Because of this alleged lack of jurisdiction, DOT asserts that the 1986 Order granting the nunc pro tunc hearing is "null and void and without legal effect."  Consequently, DOT asserts that the suspension based on the original conviction must be reinstated.

██  DOT did not argue at the hearing before Judge Penkower that the 1986 Order was invalid, but rather raises the issue for the first time on appeal.[7]  DOT is now asking this court to reverse Judge Penkower's order because he did not raise sua sponte the propriety of Judge Doyle's 1986 Order.  The general rule is that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order entered by another judge of the same court involving the same issue. *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).  The policy underlying this rule is that there must be some finality to the determination of pretrial applications so that judicial economy and efficiency can be maintained. *Id.*  With this in mind, we must determine if DOT has stated an argument which outweighs the policy favoring finality.

██  In a license suspension appeal, a trial court must "determine whether the petitioner is in fact the person whose operating privilege is subject to the ... suspension."[8]  Where the suspension is based on a conviction, the trial court's options are extremely limited.  If it finds that the petitioner was convicted, it must deny the appeal.  If it finds that the petitioner was not convicted, it must sustain the appeal.  We agree with DOT that any inquiry into the

*Driver Licensing v. Derhammer,* 118 Pa.Commonwealth Ct. 364, 544 A.2d 1132 (1988).

7.  Although this issue was not raised before either trial judge, because the issue goes to jurisdiction, we will consider it.

8.  Section 1550(c) of the Vehicle Code, 75 Pa.C.S. § 1550(c).

merits of the conviction is an excess of the trial court's authority.[9]

■ The trial court's 1986 Order was patently in error. However, we do not agree that DOT is thereby relieved of the impact of the order. We recognize that the 1986 Order was a remand order, which is normally interlocutory and not appealable. However, where a trial court orders an impermissible collateral attack on an underlying conviction, the order clearly and unquestionably exceeds statutory authority. Such an order is appealable to this court. *Department of Transportation, Bureau of Traffic Safety v. Bailey*, 116 Pa.Commonwealth Ct. 312, 541 A.2d 1167 (1988). Judge Blatt speaking for this court held:

> [A] remand order would normally be interlocutory and, therefore, not appealable. We are reviewing the instant case on the merits, however, because we believe that the trial court lacked the authority to order the remand, which would allow an impermissible collateral attack on the underlying conviction. *Id.*, 116 Pa.Commonwealth Ct. at 314, 541 A.2d at 1168.

■ DOT's counsel was in court when the invalid 1986 Order was issued. DOT neither objected nor appealed. The district magistrate found that Licensee was not guilty of the offense underlying the suspension. At that point, Licensee reasonably believed that the matter had ended.[10] This disposition of the matter remained unchanged for nearly four years. Given the unique facts presented in this case, including DOT's ability to appeal the 1986 Order at the time it was issued, the apparent favorable disposition of

9. The trial court made no finding as to whether Licensee in fact paid the fine, and the question of whether she did is in dispute. DOT alleges that Licensee paid the fine and offered in evidence a citation form.

10. Under normal procedures a district magistrate must give DOT a certified report of the disposition of citations under Section 6322 of the Vehicle Code, 75 Pa.C.S. § 6322. This section also mandates that DOT enter the information contained in the report in the records of the person to whom they pertain. In the present case, the district magistrate failed to send DOT certification of the disposition of the hearing on the citation.

the underlying conviction, and the passage of nearly four years, we conclude that DOT's zealous enforcement of the present suspension is outweighed by the public policy favoring finality.

Accordingly, we affirm.

## ORDER

AND NOW, November 9, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

BYER, J., concurs in the result only.

BARBIERI, Senior Judge, dissenting.

I cannot agree with the conclusion reached by the majority and, therefore, most respectfully dissent.

In my view, the case relied upon by the majority, *Department of Transportation, Bureau of Traffic Safety v. Bailey*, 116 Pa.Commonwealth Ct. 312, 541 A.2d 1167 (1988), does not sufficiently support the majority's position. I note first that the decision in *Bailey* preceded the filing of the opinion in *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988), wherein this Court reaffirmed its holding in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 214, 414 A.2d 161 (1988) that a remand order is interlocutory and unappealable as a matter of right, without exception.

In any event, in *Bailey*, we merely *allowed* an appeal from a trial court remand order so as to correct a glaring error committed by the trial court. In my opinion, such allowance therein cannot now be transformed into a *requirement* that an appeal had to be taken by DOT from the invalid September 23, 1986 remand order here, particularly since DOT was not a party to the nunc pro tunc criminal proceedings, wherein Licensee was found not guilty of the vehicular offense for which she had been charged and had previously pled guilty.

Furthermore, the remand order in *Bailey* merely directed the magistrate to make a further factual determination; whereas, the instant 1986 remand order, directing a hearing nunc pro tunc, essentially granted Licensee a new trial on the matter of the criminal conviction, thereby bringing into play Pa.R.A.P. 311, which rule was not a consideration in *Bailey.* Although an interlocutory appeal may be taken as of right from an order awarding a new trial in either a civil or criminal proceeding, Pa.R.A.P. 311(a)(5), failure to do so does not effect a waiver of an objection thereto, which "may be raised on any subsequent appeal in the matter from a determination on the merits." Pa.R.A.P. 311(d)(1)(i). Again, it should be noted that DOT sought this Court's review, asserting the invalidity of the trial court's 1986 remand order, at the earliest possible time, keeping in mind, of course, that DOT was not a party to the criminal matter, the subject of the unappealed remand order.

Likewise significant to a proper disposition on review is the trial court's absolute lack of authority to order a remand that allowed an impermissible collateral attack on the underlying conviction here, which lack of authority the majority concedes. In license suspension appeals, the only issues to be resolved are (1) whether there was a conviction and (2) whether DOT complied with applicable law. *Bailey; Department of Transportation, Bureau of Driver Licensing v. Arnold,* 109 Pa.Commonwealth Ct. 45, 530 A.2d 980 (1987). Quite clearly, the trial court's unappealed remand order extended beyond its limited scope of review and, accordingly, in my opinion, the trial court lacked jurisdiction to act as it did.

Where, as here, a court takes action beyond the authority conferred upon it by law, that is, beyond its jurisdiction, the action so taken is a nullity, and objection to it cannot be waived. *Dover v. Philadelphia Housing Authority,* 318 Pa.Superior Ct. 460, 465 A.2d 644 (1983). Courts must enforce the letter of the law where matters of jurisdiction are concerned. *Commonwealth v. Ryan,* 459 Pa. 148, 327 A.2d 351 (1974). In my view, the majority has impermissi-

bly given vitality and force of law to action taken by the trial court beyond its jurisdiction, and, in doing so, has failed to recognize the non-waivability of DOT's objection to the invalid 1986 trial court remand order.

Furthermore, I remain unconvinced that the majority has properly relied upon *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987), and must disagree with the suggested importance of achieving finality in the interest of judicial economy and efficiency. The real issue here is whether this Court will approve a patently defective, jurisdictionally proscribed procedure, not because it can be justified, but purely as a *penalty* levied against a litigant in the interest of expediting litigation. The *Farber* rationale is also distinguishable otherwise; the circumstances there involved judges in the same court and in the same case.

For the foregoing reasons, I would hear this case on the merits.