624 A.2d 266

**Joann O'HARA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided April 5, 1993.

548

Gary L. Bilotta, for appellant.

Harold H. Cramer, Asst. Chief Counsel, Vehicle and Traffic Law Div., for appellee.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Joann O'Hara (O'Hara) appeals from an order of the Court of Common Pleas of Beaver County, sustaining the 165–day suspension of her driving privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1539(a) of the Vehicle Code (Code), 75 Pa.C.S. § 1539(a),[1] for accumulating 11 points on her driving record.

1. Section 1539(a) of the Code provides in pertinent part that when any person's record shows an accumulation of 11 points or more, the Department shall suspend the operating privilege of that person as

In a letter dated September 30, 1991, DOT notified O'Hara that her driving privileges were being suspended as of November 4, 1991, for a period of 165 days because 11 points had accumulated on her driving record. The notice indicated that the most recent assignment of 3 points to her record, which brought the total to 11 points, resulted from her conviction for violating Section 3304 of the Code, 75 Pa.C.S. § 3304 (improper passing) on July 23, 1991. O'Hara filed an appeal with the Court of Common Pleas of Beaver County (trial court).

At the hearing, DOT offered into evidence 12 exhibits consisting of citations which showed O'Hara's violations for which points had been assessed, official notices sent to O'Hara by DOT regarding those violations, and a certification statement.[2] O'Hara objected to DOT's exhibit number 1–11, a

provided in subsection (b). Subsection (b) provides that the first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, and the third suspension shall be for a period of 15 days for each point. Any subsequent suspension shall be for a period of one year. Subsection (c) further provides that acceptance of Accelerative Rehabilitative Disposition (A.R.D.) shall also be considered a suspension.

2. The certification statement provided the following driving history for O'Hara:

| | |
|---|---|
| 7/22/88 | Section 3362 Violated—Exceeded Speed Limit 56/40 |
| | Conviction on 9/8/88—Assigned 4 Points |
| | 3 Point Credit—No violation for one year 7/22/89 |
| 8/13/89 | Section 3362 Violated—Exceeded Speed Limit 57/35 |
| | Conviction on 10/25/89—Assigned 4 Points |
| 12/30/89 | Section 3731 Violated—Driving Under the Influence of Alcohol, Accident Involving Damage to Attended Vehicle or Property—Placed on A.R.D. |
| | Official Notice of Suspension Sent |
| 4/15/90 | Section 3362 Violated—Exceeded Speed Limit |
| | Conviction on 4/21/90—Assigned 5 Points |
| | Official Notice Sent to Take Exam Pursuant to Section 1538 of the Code |
| | 2 Point Credit—Exam Passed 8/6/90 |
| 1/20/91 | Section 3304 Violated—Overtaking Vehicle on the right—Conviction on 7/23/91 |
| | Assigned 3 Points—Official Notice of Suspension Sent |

The certification statement only indicates that O'Hara's license was suspended for acceptance of A.R.D. and for receiving 11 points on her driving record. She did not receive a third suspension and should not have had her license suspended for 165 days pursuant to Section

photocopy of a July 22, 1988 citation which assigned O'Hara four points for exceeding the speed limit, on the basis that the citation was illegible. O'Hara did not object to any of the other documents which indicated that she had received seven points on her driving record and had been convicted for the correlating offenses. O'Hara then offered into evidence a copy of her driving record which she had obtained from Nationwide Information Services, Inc. (Nationwide) and which Nationwide had obtained from DOT in October of 1991. That report indicated that she had no violation on July 22, 1988, or conviction for any offense relative to that date. The trial court accepted all the documents from both parties, but agreed that the July 22, 1988 citation was illegible and continued the hearing so that DOT could obtain a more legible copy.

At the second hearing, DOT presented another copy of the July 22, 1988 citation which was marked as exhibit number 1–11A. O'Hara objected to the admission of that document into evidence, arguing that while the front of the copy was legible enough to read that she had been cited for exceeding the speed limit on July 22, 1988, the reverse side of the copy was still unclear and did not conclusively prove that she had been convicted for the violation on that date. The trial court, however, overruled her objection and accepted the document, finding that on the reverse side of the citation under the adjudication section, "Non–Appearance, Paid Fine & Costs" had been circled, and that was enough to prove that she had been convicted for violating Section 3362 of the Code on July 22, 1988.[3] The trial court dismissed her appeal based on its determination that DOT had produced sufficient evidence to establish that O'Hara had accumulated 11 points on her driv-

1539(b) of the Code. Rather, according to Section 1539(b), O'Hara's driving privilege should have been suspended for 110 days based on her two suspensions and an assignment of 10 days for each point. However, O'Hara has not raised the issue of whether the number of days of suspension was improperly calculated based on 15 days for each point rather than 10 days.

**3.** Such a finding is sufficient to prove a conviction because payment for a violation of the Code by a person charged with that violation constitutes a plea of guilty. *See* Section 6501(b) of the Code, 75 Pa.C.S. § 6501(b).

ing record. O'Hara then filed this appeal as well as a request for supersedeas which was granted.[4]

■ In a license suspension case where the suspension is based on the accumulation of points, DOT must produce the records of convictions which justify the suspension. Once DOT produces those records, the burden then shifts to the motorist who must prove that she was not, in fact, convicted or that the records or calculations are incorrect. *Department of Transportation, Bureau of Traffic Safety v. Siedlecki*, 7 Pa.Commonwealth Ct. 130, 300 A.2d 287 (1973).

O'Hara contends that DOT did not meet its burden because exhibit number 1–11A was illegible, and pursuant to Section 6109(b), 42 Pa.C.S. § 6109(b), was not conclusive proof that she had been convicted for violating Section 3362 of the Code. As such, she argues she was erroneously assigned four points for that violation and did not have a total of 11 points on her driving record requiring the imposition of a 165–day suspension. We agree.

■ Section 6109(b), 42 Pa.C.S. § 6109(b), provides the following:

If any business institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity, has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence or event, and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic or other process *which accurately reproduces* or forms a durable medium for so reproducing the original, the original may be destroyed, in the regular course of business, unless its preservation is required by law. Any such reproduction in order to comply with this

---

**4.** Our scope of review is limited to determining whether the findings of fact are supported by competent evidence, there has been an error of law, or the trial court abused its discretion. *Department of Transportation, Bureau of Motor Vehicles v. Johnson,* 144 Pa.Commonwealth Ct. 599, 601 A.2d 1339 (1992).

section *must accurately reproduce all lines and markings which appear on the original.* Such reproduction, when satisfactorily identified, is admissible in evidence as the original itself in any judicial or administrative proceeding ... (Emphasis added.)

In this case, the copy below was resubmitted by DOT as Exhibit 1–11A to prove O'Hara's conviction for the July 22, 1988 speeding violation:

This copy is undeniably illegible and does not comport with the requirement of Section 6109(b), 42 Pa.C.S. § 6019(b), that the copy be an accurate reproduction of the original. While DOT agrees that the copy it submitted was blurred, it nonetheless argues that in *Department of Transportation, Bureau*

*of Traffic Safety v. McVay,* 95 Pa.Commonwealth Ct. 154, 504 A.2d 980 (1986), we upheld a driver license suspension based upon a blurred copy of a citation offered into evidence to prove a motorist's conviction for violating the Code, because a standard Pennsylvania citation form was used and the trial court should have been able to discern that a circle was drawn around certain words on the form which read "pled guilty."

Even though that case dealt with the identical issue presented here, it is not controlling because it did not address whether the proffered copy met the requirements of Section 6109(b), 42 Pa.C.S. § 6109(b). Because that section clearly requires that a copy submitted in place of an original bear the identical lines and markings in order that the factfinder may sufficiently identify the copy to be a reproduction of the original, the holding in *McVay* is not authoritative for purposes of disposing of this case.[5]

Because DOT did not provide sufficient evidence of a conviction for the July 22, 1988 violation, DOT did not meet its burden of proving that O'Hara was convicted for that violation and erroneously assigned four points to O'Hara's driving record. Consequently, she did not accumulate 11 points on her driving record and her license was improperly suspended for 165 days for such an accumulation. Accordingly, the decision of the trial court is reversed.

## ORDER

AND NOW, this 5th day of April, 1993, the order of the Court of Common Pleas of Beaver County, dated May 1, 1992, No. 1788, is reversed.

---

[5.] O'Hara also contends that because the printout she received from Nationwide and Nationwide received from DOT indicated that she did not receive a citation for a violation on July 22, 1988, DOT's certification statement lacked trustworthiness, and the trial court erred by relying on that document. However, because we have determined that DOT did not provide sufficient evidence of a conviction for that violation, we need not address this issue.