### PennDOT v. Puchino

*Lee C. Silverman, assistant counsel,* for the Commonwealth.

*Jeffrey A. Fornier,* for defendant.

GARB, *J.,* August 30, 1993—This is an appeal from our order of June 30, 1993 wherein, after hearing de novo, we sustained the order of the Department of Transportation suspending appellant's operator's privileges for a period of six months.

Appellant's operator's privileges were suspended pursuant to the provisions of the Act of April 16, 1992, P.L. 165, no. 30, §1, 35 P.S. §780-113(m). That section provides that upon certification from the Clerk of Courts to the Department of Transportation that any person was convicted of possession, sale, delivery or other similar violations of the Controlled Substance, Drug, Device and Cosmetic Act, the department shall suspend that person's operating privileges, for a first offense, for a period of six months. On or about January 26, 1993, the appellant entered a plea of guilty to possession of a small amount of marijuana in violation of 35 P.S. §780-113(16). This fact was certified by the clerk of courts to the department, resulting in this suspension.

Appellant assigns three reasons in support of his appeal from the suspension. He asserts that the suspension of his driver's license is in violation of Article I, section 10 of the Pennsylvania Constitution, specifically that provision providing that no person shall, for the same offense, be twice put in jeopardy of life or limb. He argues that having been convicted and sentenced for his violation of the Controlled Substance, Drug, Device and Cosmetics Act, the additional penalty of suspension of his driver's license constitutes double jeopardy. We disagree.

The double jeopardy provisions of the Pennsylvania Constitution apply to criminal proceedings. It has been held repeatedly that license suspensions are civil in nature and cannot be applied to constitutional provisions dealing

with criminal prosecutions. See *Kuzar v. Commonwealth,* 96 Pa. Commw. 626, 508 A.2d 397 (1986) (cannot attack the merits of the underlying conviction giving rise to the suspension); *Commonwealth v. Conner,* 96 Pa. Commw. 26, 506 A.2d 514 (1986) (license suspension does not act as an ex post facto application of a penalty); *Drogowski v. Commonwealth,* 94 Pa. Commw. 205, 503 A.2d 104 (1986) (cannot apply the cruel and unusual punishment provisions of Article I, section 13 of the Pennsylvania Constitution). Specifically, and directly on point herein, the Commonwealth Court held in *Callan v. Bureau of Traffic Safety,* 19 Pa. Commw. 635, 339 A.2d 163 (1975), that the constitutional limitation regarding the double jeopardy provisions do not apply to license suspensions.

Appellant next asserts that the Commonwealth has no legislative interest in connection with this case so as to suspend his driver's license because there is no direct relationship between his conviction of possession of a controlled substance and the operation of a motor vehicle. Essentially, we construe this as an assertion of a violation of substantive due process. That very same issue was addressed in *Commonwealth v. Strunk,* 400 Pa. Super. 25, 582 A.2d 1326 (1990), with respect to the Act of March 25, 1988, P.L. 262, no. 31, §11, 18 Pa.C.S. §6310.4. That section provides that whenever a person is convicted of a violation of 18 Pa.C.S. §6308, possession, purchase or consumption of any liquor or malt or brewed beverages by a minor, that offense shall result in a suspension of that person's driver's license by the court as a part of the sentence imposed. We recognize that section 6310.4 mandates that the suspension be a part of the sentence imposed by the court in addition to whatever other sentence

is imposed for the summary offense involved. In 35 P.S. §780-113(m), the suspension is imposed by the Department of Transportation but is mandatory. Therefore, although there may be a distinction between these sections, we think that it is without a difference for purposes of the application of substantive due process considerations.

In *Commonwealth v. Strunk,* the same argument was made to the effect that the Commonwealth had no material interest in imposing a license suspension where the summary violation of possession of an alcoholic beverage by a minor has no connection to the operation of a motor vehicle. In addressing that issue, the Superior Court stated as follows:

"At the outset, we note that legislative enactments enjoy a strong presumption of constitutionality.... The party challenging a statute's constitutionality bears the burden of establishing that no rational relationship exists between a statute and a legitimate state interest.... An enactment of the legislature will be deemed to be constitutional unless the challenging party advances evidence that the statute clearly, palpably and plainly violates the Constitution.... Any doubts regarding the constitutionality of a challenged statute are to be resolved in favor of the statute's constitutionality....

"The rational relationship test evaluates whether a particular statute is '*rationally related* to furthering a legitimate state purpose.'... Thus, the rational relationship test mandates a two-step analysis. The first step is to consider whether the challenged statute seeks to promote *any* legitimate state interest or public value.... The second prong of the analysis mandates an evaluation of whether the statute is reasonably related to accomplishing the ar-

ticulated state interest or interests." 400 Pa. Super. at 30-31, 582 A.2d at 1328. (citations omitted; emphasis in original)

Applying that analysis to the statute mandating license suspension upon conviction of underage drinking, even though unrelated to motor vehicles, the Superior Court found that there was a sufficient and legitimate state interest in imposing the license suspension as an additional penalty to the conviction for the summary offense. Based upon that analysis, and reaching that conclusion, the court held that section 6310.4 of the Crimes Code does not violate the defendant's substantive due process rights under either the Pennsylvania or the United States Constitutions.

This same analysis applies to the case before us. The relationship between underage drinking and the privilege to drive a motor vehicle is the same as the relationship between the conviction of the crime of possession of controlled substances and the privilege of driving a motor vehicle. We can see no distinction, and therefore, based upon *Commonwealth v. Strunk, supra,* we hold that 35 P.S. §780-113(m) is not violative of appellant's substantive due process rights.

Lastly, appellant contends that he is in the business of driving limousines, and that the suspension of his driver's license will cause undue financial damage and consequential damage in proportion to the crime committed. Once again, this contention must fail. The simple answer is that economic hardship resulting from a suspension is not a basis upon which to overturn the suspension. *Bureau of Traffic Safety v. Vairo,* 9 Pa. Commw. 454, 308 A.2d 159 (1973).

For the foregoing reasons, we sustained the suspension and denied the appeal.