538 A.2d 120

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joseph W. Danks, Appellee.

Submitted on briefs December 14, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Morey M. Myers,* General Counsel, for appellant.

*Joseph W. Danks,* for himself.

OPINION BY JUDGE PALLADINO, February 25, 1988:

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Erie County (trial court) sustaining the appeal of Joseph W. Danks (Danks) and reinstating his operating privileges. For the reasons set forth below, we reverse.

On August 1, 1982, Danks was cited for violating section 3733 of the Vehicle Code, 75 Pa. C. S. §3733 (fleeing or attempting to elude a police officer). On August 3, 1984, two years and two days after the commission of the offense, Danks was convicted. By letter dated November 11, 1984, DOT suspended Danks' operating privileges for 6 months pursuant to section 1532(b) of the Vehicle Code, 75 Pa. C. S. §1532(b).[1]

Danks appealed his suspension of operating privileges to the trial court, arguing that suspension of his license was barred by section 5553(e) of the Judicial Code, 42 Pa. C. S. §5553(e). The trial court sustained Danks' appeal concluding that the suspension of operating privileges after the appeal period had run on the underlying conviction was "prejudicial to Mr. Danks and illegal under section 5553(e) of the Judicial Code, 42 Pa. C. S. §5553(e)."[2]

---

[1] Section 1532(b) of the Vehicle Code states in pertinent part: (1). The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions: . . . Section 3733 (relating to fleeing or attempting to elude a police officer).

[2] *Commonwealth of Pennsylvania v. Joseph W. Danks* (No. 4914-A-1984, filed February 13, 1986), slip op. at 2.

On appeal to this court,[3] DOT contends that the trial court erred as a matter of law in applying section 5553(e) of the Judicial Code to a license suspension proceeding. We agree.

Section 5553(e) of the Judicial Code, 42 Pa. C. S. §5553(e), provides: "No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to 2 years after the commission of the offense." The trial court applied this section to the license suspension proceeding and concluded that the section was violated because the suspension did not take place within two years of the offense.

The trial court cites the case of *Commonwealth v. Jannenga,* 335 Pa. Superior Ct. 82, 483 A.2d 963 (1984), in support of its decision applying section 5553(e) to a license suspension proceeding. However, the *Jannenga* case did not involve a license suspension proceeding, but rather involved a criminal prosecution for violating a provision of the Vehicle Code. In *Jannenga,* a motorist was convicted of violating a provision of the Vehicle Code, but was not sentenced until 3 years after the offense occurred. The superior court held that the trial court had failed to comply with section 5553(e) of the Judicial Code because all proceedings, including sentencing proceedings, were not completed within 2 years from the commission of the offense.

In *Lewis v. Commonwealth,* 73 Pa. Commonwealth Ct. 607, 458 A.2d 1053 (1983), *cert. denied* 465 U.S. 1066 (1984), this court specifically considered the appli-

---

[3] Our scope of review in a license suspension case is limited to a determination of whether the findings of fact are supported by competent evidence, errors of law have been committed or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth,* 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

cability of section 5553(e) of the Judicial Code to a license suspension proceeding. In *Lewis,* as in this case, the motorist alleged that section 5553(e) of the Code barred DOT from suspending his license more than 2 years after the underlying offense was committed. The court rejected this argument stating: "Section 5553(e) of the Judicial Code . . . is only applicable to criminal proceedings and thus, not applicable to license suspension proceedings which, as we have repeatedly held, are civil in nature." *Id.* at 610, 458 A.2d at 1054 (1983). The court also noted that the timeliness of the underlying conviction cannot be attacked in a license suspension appeal, because such an attack would constitute a collateral attack of the underlying criminal conviction. Id.

Also, in *Shughart v. Department of Transportation, Bureau of Traffic Safety,* 65 Pa. Commonwealth Ct. 480, 442 A.2d 1206 (1982), this court interpreted section 5553(e) of the Judicial Code and concluded that the section does not limit the time within which DOT may act to revoke a motorist's operating privileges. We explained our conclusion as follows:

> [S]ubchapter C, which includes section 5553 is entitled 'Criminal Proceedings.' Furthermore, Section 6302 of the Vehicle Code, 75 Pa. C. S. §6302 now provides that:
>
> A *prosecution for any offense* under this title must be commenced within the period limited by Chapter 55 of title 42 (relating to limitation of time). (Emphasis added.)
>
> The Vehicle Code contains no similar reference with regard to issuing revocation notices. . . . Furthermore, where the General Assembly has intended certain suspension notices to be issued within a limited time period, it has specifically provided those limitations in the Vehicle Code.
> . . .

*Id.* at 485, 442 A.2d at 1209 (1982).

The above cases make it clear that the time limitation contained in section 5553(e) of the Judicial Code does not apply to a license suspension proceeding. Therefore, DOT was not barred by section 5553(e) from suspending Danks' operating privileges.[4]

Accordingly, we conclude that the trial court erred in applying the time limitation of §5553(e) of the Judicial Code to the license suspension. The order of the trial court is reversed and DOT's order suspending Danks' operating privileges for six months is reinstated.

### ORDER

AND NOW, February 25, 1988, the order of the Court of Common Pleas of Erie County in the above-captioned matter is reversed and the order of the Department of Transportation, Bureau of Traffic Safety, suspending Joseph W. Danks' operating privileges for 6 months, is reinstated.

---

[4] We also note that DOT did not receive a certified record of the conviction until at least August 3, 1984 (the date of the conviction). This court has frequently stated that any delay which occurs before DOT receives notice of the conviction is not chargeable to DOT. *Department of Transportation, Bureau of Driver Licensing v. Urbasik,* 101 Pa. Commonwealth Ct. 646, 518 A.2d 1 (1986).