618 A.2d 1152

**COMMONWEALTH Of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**Edward W. GRUBB, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1992.

Decided Dec. 8, 1992.

Victor H. Pribanic, for appellant.

William A. Kuhar, Jr., Asst. Counsel–Appellate Section, for appellee.

Before CRAIG, President Judge, PELLEGRINI and BLATT, Senior Judges.

BLATT, Senior Judge.

Edward W. Grubb (Licensee) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which affirmed the five year suspension of his operating privileges imposed by the Pennsylvania Department of Transportation (Department).

On September 13, 1988, the licensee was charged with a violation of Section 1543 (driving while operating privilege is suspended) and on March 28, 1991, he paid the fines and costs related to this citation.[1] By official notice dated September 19, 1991, the Department determined that the licensee was a habitual offender and imposed a mandatory five year suspen-

---

1. Payment of a fine by the person charged with the violation is the equivalent of a plea of guilty and constitutes a conviction. 75 Pa.C.S. § 6501(a), (b).

sion pursuant to Section 1542(d).[2]  The licensee appealed the suspension to the trial court.  The trial court affirmed and the licensee's appeal to this Court followed.[3]

The sole issue raised by the licensee on appeal is whether the trial court erred in sustaining a suspension predicated on a conviction which occurred more than two years after the date of the offense.  The licensee relies on Section 5553 of the Judicial Code which provides that "[n]o proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense."  42 Pa.C.S. § 5553(e).  The licensee argues that the conviction was void and cannot serve as the underlying conviction supporting the civil suspension.  The Department, relying on *Department of Transportation, Bureau of Driver Licensing v. Danks,* 114 Pa.Commonwealth Ct. 37, 538 A.2d 120 (1988), argues that the appellant cannot collaterally attack the conviction through a civil license suspension appeal.

■  We agree with the Department that *Danks* controls the disposition of this appeal.  In *Danks,* the appellant, who was convicted two years and two days after the commission of the offense, successfully argued before the trial court that the suspension of his license was barred by operation of Section 5553(e).  On appeal, this Court, relying on *Lewis v. Commonwealth,* 73 Pa.Commonwealth Ct. 607, 458 A.2d 1053 (1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984), reversed.  We explained that Section 5553(e) is applicable only to criminal proceedings and reiterated that, because a reviewing court in such a proceeding may not consider any claimed procedural defects or errors in the criminal proceeding forming the basis for the suspension, a challenge to the timeliness of an underlying conviction constitutes an imper-

2. A "habitual offender" is a person whose driving record shows three convictions arising from certain enumerated offenses within any five year period.  75 Pa.C.S. § 1542(a), (b).

3. This court's scope of review on appeal is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision.  *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

missible collateral attack on the underlying criminal conviction. Therefore, we conclude that the trial court here made no error of law and affirm its order.

The Department asserts that the licensee's appeal was frivolous and vexatious and seeks the award of counsel fees and other costs pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure.[4] A frivolous appeal is "one ... 'readily recognizable as devoid of merit in that there is little prospect of success.'" *Polinsky v. Dep't of Transp.*, 131 Pa.Commonwealth Ct. 83, 569 A.2d 425 (1990) (citations omitted). A vexatious appeal is one instituted without reasonable cause. Black's Law Dictionary 1403 (5th ed. 1979).

Notwithstanding our conclusion that the licensee's challenge constituted an impermissible collateral attack, his premise that the underlying conviction was a void *ab initio* and cannot support a suspension is distinguishable from the argument presented in *Danks* and *Lewis*. We conclude, therefore, that the appeal was neither frivolous nor vexatious and that the Department is not entitled to an award of counsel fees and other costs.

Accordingly, we affirm the suspension of the licensee's operating privileges for five years, but deny the request that counsel fees and costs be imposed.

### ORDER

AND NOW, this the 8th day of December, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed and the request for the award of counsel fees is denied.

4. Section 2744 allows this Court to award a reasonable counsel fees and delay damages if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious" and to remand to the trial court to determine the amount of damages so authorized. Pa.R.A.P. 2744.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I disagree with the majority that a licensee can be suspended on the basis of a violation extinguished by the Judicial Code.

On September 13, 1988, Edward W. Grubb (Licensee) was charged with violating Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543 (driving while operating privileges were suspended). On March 28, 1991, Licensee pled guilty by paying the fine and costs related to the suspension. As a result of his plea, the Pennsylvania Department of Transportation (Department) suspended Licensee's operating privileges for five years as a habitual offender pursuant to the provisions of Section 1542(d) of the Vehicle Code, 75 Pa.C.S. § 1542(d).

Licensee appealed to the trial court, contending that the March 28, 1991 conviction, which resulted from his guilty plea, could not be used as a basis to suspend his license. Because this conviction was entered more than two years after the date of the violation, Licensee contends that Section 5553(e) of the Judicial Code, 42 Pa.C.S. § 5553(e), forecloses using that conviction as the basis of a suspension of his license since Section 5553(e) operates to extinguish the underlying violation making any conviction a nullity. Agreeing with the Department that such a contention is an impermissible collateral attack on the underlying conviction, both the trial court and the majority affirmed. I disagree.

Section 5553(e) provides:

No proceedings shall be held or action taken pursuant to a summary under Title 75 subsequent to two years after the commission of the offense.

Unlike a statute of limitation or a statute of repose which must be affirmatively pled or is waived,[1] Section 5553(e)

---

1. "By definition, statutes of repose 'set a designated event for the statutory period to start running and they provide that at the expiration of the period, any cause of action is barred regardless of the usual reasons for tolling....' The main difference between the two types of statutes, therefore, is that a statute of limitation bars a suit after a cause of action accrues, whereas a statute of repose can operate to bar a suit before a cause of action accrues. This difference stems from the time at which each of the statutes is triggered. A statute of limitations is

removes jurisdiction to hear a Title 75 summary action not heard within two years of the violation, as well as provides an instruction to those hearing those offenses not to take any further action once this section becomes applicable. The effect of this provision is to extinguish, by operation of law, any Title 75 action which has not been acted upon within two years from the date of the violation. Because the cause of action is extinguished, any conviction entered is void *ab initio* and cannot be used as a basis to take any action against a licensee. When the Department introduces a certified document evidencing that the conviction occurred more than two years after the commission of the violation, Licensee is not collaterally attacking the underlying conviction because there is none to attack.

The majority holds that such an interpretation is not in accord with our previous holdings in *Department of Transportation, Bureau of Driver Licensing v. Danks*, 114 Pa.Commonwealth Ct. 37, 538 A.2d 120 (1988) and *Lewis v. Commonwealth*, 73 Pa.Commonwealth Ct. 607, 458 A.2d 1053 (1983), *cert. denied*, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742. *Danks* and *Lewis*, however, are inapplicable because they held that Section 5553(e) does not preclude the Department from initiating a *license suspension* more than two years after the offense; not the issue presented in this case that the underlying conviction is a nullity and cannot be used as a basis for suspension.

Because Section 5553(e) of the Judicial Code vitiates any conviction not made within two years of the violation, I would reverse.

triggered once a breach of duty has occurred, whereas a statute of repose is triggered by a point established by the statute itself, irrespective of a breach of any duty." The Unsettled Foundation of Construction Projects Statutes of Repose, 30 Duq.L.Rev. 681, 682–683 (footnotes omitted.) Section 5553(e) is neither a statute of limitations nor repose. The filing of a complaint within the time prescribed tolls the barring of the action under either type of statute. Section 5553(e), however, forecloses any action, even though the action has been timely brought. The Superior Court in *Commonwealth v. Stover*, 372 Pa.Superior Ct. 35, 538 A.2d 1336 (1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1988), however, in a different factual situation and without much discussion, characterized Section 5553(e) as a statute of limitation.