632 A.2d 1094

Thomas J. CAMPBELL, Petitioner,

v.

Carroll A. ROSENBERGER, District Justice
and Douglas K. Tobin, Director, Bureau
of Driver Licensing, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 13, 1993.

Decided Oct. 26, 1993.

322

Thomas J. Campbell, pro se.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for respondent Douglas K. Tobin.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

COLINS, Judge.

Thomas J. Campbell (Campbell), *pro se*, filed a petition in this Court's original jurisdiction against District Justice Carroll A. Rosenberger (District Justice Rosenberger) and Doug-

las K. Tobin, Director of the Bureau of Driver Licensing, Department of Transportation (Director Tobin), seeking injunctive relief.

Campbell is an inmate at the State Correctional Institute in Graterford, Pennsylvania. In September of 1992, Campbell applied to the Bureau of Driver Licensing (Bureau) for a driver's license, because Campbell anticipated that he would soon be released on parole. The Bureau informed Campbell that his license had been suspended in October of 1979, because Campbell had failed to appear before District Justice Rosenberger to respond to a citation he had received in March of 1979.

Campbell wrote several letters to District Justice Rosenberger and Director Tobin hoping to resolve the situation. Director Tobin notified Campbell that he had a right to appeal his license suspension to the Court of Common Pleas of Montgomery County (Common Pleas) within 30 days of the mailing date of that notice (January 18, 1993). Campbell filed a timely notice of appeal to Common Pleas. Campbell also filed a petition for leave to proceed *in forma pauperis* and a petition for appointment of counsel. On February 23, 1993, Common Pleas issued an order denying Campbell's petitions to proceed *in forma pauperis* and for appointment of counsel.

■■■ For reasons not set out in his pleadings, Campbell did not pursue his appeal of his license suspension in Common Pleas.[1] Instead, Campbell filed the instant mandamus action

---

1. Common Pleas' February 23, 1993 order denied Campbell's petitions to proceed *in forma pauperis* and for appointment of counsel but did not rule on the merits of Campbell's appeal, since Campbell had filed only a notice of appeal. After reading Campbell's petition and his response to Director Tobin's preliminary objections, we surmise that Campbell equated a notice of appeal with the actual appeal itself. Accordingly, he misinterpreted Common Pleas' February 23, 1993 order to be an outright rejection of his appeal, thereby extinguishing his appellate rights in Common Pleas. This may explain why Campbell never filed an actual appeal with Common Pleas. We further note that Campbell's mistake of law in this matter does not entitle him to file the instant mandamus action instead of the proper appeal in Common Pleas.

against District Justice Rosenberger and Director Tobin.[2]  In his petition, Campbell requests that we grant relief in the form of:  (a) an order compelling Director Tobin to restore Campbell's driving privilege and expunge all records of Campbell's suspension or (b) an order directing District Justice Rosenberger and Director Tobin to show just and compelling cause why Campbell's driving privilege have been suspended.

Presently before us are preliminary objections filed by District Justice Rosenberger and Director Tobin (respondents).  Both sets of preliminary objections assert that Campbell's petition should be dismissed.  Director Tobin argues that Campbell's petition in mandamus does not set forth a viable cause of action.  District Justice Rosenberger posits both that she is not a necessary party to the action and that this Court has appellate jurisdiction rather than original jurisdiction over this matter.  After reviewing Campbell's petition, we sustain the preliminary objections of both respondents and dismiss Campbell's petition.

Mandamus is an extraordinary remedy which is designed to compel the performance of a purely ministerial act or mandatory duty on the part of a public officer.  *Flaherty v. City of Pittsburgh*, 100 Pa.Commonwealth Ct. 508, 515 A.2d 91 (1986).  In order to prevail in an action for mandamus, Campbell must establish that he has a clear legal right to the relief requested, that respondents have a corresponding duty to perform a ministerial act or mandatory duty, and that no other adequate remedy at law is available.  *Borough of Plum v. Tresco*, 146 Pa.Commonwealth Ct. 639, 606 A.2d 951 (1992).  Campbell's petition does not establish any of these requirements.

**2.**  Campbell, in his response to Director Tobin's preliminary objections, objects to Director Tobin's characterization of his petition for review as a mandamus action.  However, Director Tobin is correct in referring to Campbell's petition as a mandamus action, because irrespective of Campbell's argument as to nomenclature, it is a mandamus action, because it seeks court intervention to compel the performance of certain acts by government officials.  *City of Lancaster v. Lancaster County*, 143 Pa.Commonwealth Ct. 476, 599 A.2d 289 (1991), *petition for allowance of appeal denied*, 530 Pa. 634, 606 A.2d 903 (1992).

First, Campbell does not demonstrate why he is clearly entitled to the relief requested. The Bureau suspended Campbell's license, because he failed to respond to a citation in 1979. Campbell does not explain or justify his failure to respond to the citation in his petition; nor does he set forth other reasons why he is entitled to the relief he has requested.

Second, neither respondent has a mandatory or ministerial duty to nullify Campbell's driver's license suspension or expunge the suspension from his driving record. The decision to end a license suspension or expunge a record is discretionary. A writ of mandamus "cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal [or] to review or compel the undoing of an action taken by such an official or tribunal in good faith and in exercise of legitimate jurisdiction...." *Pennsylvania Dental Association v. Commonwealth Insurance Department,* 512 Pa. 217, 227, 516 A.2d 647, 652 (1986).

Third, Campbell has a clear and adequate remedy at law, which he has chosen not to pursue in this matter. Campbell can appeal his driver's license suspension to Common Pleas, and, if unsuccessful in that court, he may appeal to this Court for review of his suspension.

Accordingly, the preliminary objections raised by respondents are sustained, and Campbell's petition in mandamus is dismissed.

### ORDER

AND NOW, this 26th day of October, 1993, the preliminary objections of respondents, Carroll A. Rosenberger, District Justice, and Douglas K. Tobin, Director of the Bureau of Driver Licensing, are sustained, and the petition in mandamus of Thomas J. Campbell is dismissed.