**Gary L. GELNETT, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.

Decided Jan. 12, 1996.

Gary L. Gelnett, pro se.

Timothy P. Wile, Assistant Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Gary L. Gelnett (Gelnett), proceeding *pro se*, filed a petition for a writ of mandamus [1] in this Court's original jurisdiction [2] against the Department of Transportation, Bureau of Driver Licensing (Department). Gelnett also filed an application for summary relief.[3] The object of Gelnett's filings is (1) the removal of a five-year revocation of this operating privilege, imposed by the Department pursuant to Section 1542(d) of the Vehicle Code, 75 Pa. C.S. § 1542(d) (five year revocation imposed on an habitual offender); (2) a refund of fines and costs paid in 1991 to a district justice on Gelnett's behalf by his mother for his violation of Section 1543(a) of the Vehicle Code, 75 Pa.C.S. § 1543(a) (driving while operating privilege is suspended or revoked); and (3) a discharge with prejudice of his 1980 driving under suspension charge. The Department has filed an answer to Gelnett's complaint in mandamus and has responded to Gelnett's application for summary relief. It has also moved for summary relief in its favor.

Gelnett, who is presently an inmate incarcerated at the State Correctional Institution at Greensburg, has had a convoluted history of citations over the years. Pertinent to the present dispute is a citation issued on March 5, 1980, for violation of 75 Pa.C.S. § 1543(a), to which Gelnett did not respond. Thus, at

---

1. Mandamus is an extraordinary remedy which is designed to compel the performance of a purely ministerial act or mandatory duty on the part of a public officer. *Campbell v. Rosenberger,* 159 Pa.Cmwlth. 321, 632 A.2d 1094 (1993).

2. *See* Section 761 of the Judicial Code, 42 Pa. C.S. § 761.

3. *See* Pa.R.A.P. 1532.

the request of a district justice, Gelnett's operating privilege was suspended pursuant to Section 1533 of the Vehicle Code, 75 Pa. C.S. § 1533 (authorizing the suspension of driving privileges for failure to respond to a citation).

On January 23, 1991, while Gelnett was incarcerated in a state correctional institution, his mother paid the costs and fines related to the March 5, 1980 citation; this payment constituted a guilty plea. The Department, upon receipt of the certification of the 1980 conviction, which was Gelnett's third conviction within a five year period, imposed a five-year revocation of Gelnett's operating privilege as directed by 75 Pa.C.S. § 1542(d). Official notice of this five-year revocation was sent to Gelnett on July 23, 1991.

Subsequently, Gelnett applied for a Pennsylvania driver's license. The Department denied Gelnett's application pursuant to Section 1503(a)(1) of the Vehicle Code, 75 Pa. C.S. § 1503(a)(1) (person with operating privilege under suspension or revocation cannot be issued a driver's license). Gelnett's driving record showed that numerous suspensions and violations were still in effect. By claiming a statute of limitations defense under Section 5553(e) of the Judicial Code, 42 Pa.C.S. § 5553(e), Gelnett succeeded in having these citations for failure to respond dismissed. However, the Department refused to remove the five-year habitual offender revocation. As a result of this refusal, Gelnett filed the writ of mandamus and the application for summary relief and the Department cross-filed for summary relief.

■ Initially, we are guided by the language of Pa.R.A.P. 1532(b), which provides that:

(b) Summary Relief. At any time after the filing of a petition for review in an appellate or original matter *the court may on application enter judgment if the right of the applicant thereto is clear.* A party against whom judgment is entered under this subdivision may apply to open or vacate the judgment within 30 days after entry, or within such lesser time as may be fixed by the court under Rule 105 (waiver

and modification of rules) after reasonable notice to the parties. (Emphasis added.)

Because both Gelnett and the Department have sought summary relief, this Court must determine whether it is clear from the undisputed facts that either party has established a clear right to the relief requested. Where there are material issues of fact in dispute, or if it is not clear that the applicant is entitled to judgment as a matter of law, the application will be denied. *Marshall v. Pennsylvania Board of Probation and Parole,* 162 Pa. Cmwlth. 256, 638 A.2d 451 (1994).

■ We will first address Gelnett's argument that the five-year habitual offenders revocation should be removed pursuant to 42 Pa.C.S. § 5553(e), which states that "[n]o proceeding shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense."

Gelnett overlooks the law as stated in *Department of Transportation, Bureau of Driver Licensing v. Danks,* 114 Pa.Cmwlth. 37, 538 A.2d 120 (1988), wherein the court explained that 42 Pa.C.S. § 5553(e) applies to criminal prosecutions for violating a provision of the Vehicle Code and does not apply to license suspension proceedings which are civil in nature. *See also Lewis v. Commonwealth,* 73 Pa.Cmwlth. 607, 458 A.2d 1053 (1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984). The *Danks* court "also noted that the timeliness of the underlying conviction can not [sic] be attacked in a license suspension appeal, because such an attack would constitute a collateral attack of the underlying criminal conviction." *Id.,* 538 A.2d at 121.

The Department's response to Gelnett's statute of limitation's argument mirrors this Court's statements as cited in the above noted cases. We hold that *Danks* and *Lewis* control; therefore, Gelnett's attempt to use 42 Pa.C.S. § 5553(e) to challenge his five-year revocation fails. This two-year statute of limitations does not apply under the circumstances here (civil as opposed to crimi-

# 220

nal) and Gelnett's request for summary relief is hereby denied.[4]

■ Moreover, Gelnett's application for a writ of mandamus cannot be granted. Mandamus is available only to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the one seeking the writ, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. *Waters v. Department of Corrections*, 97 Pa. Cmwlth. 283, 509 A.2d 430 (1986). The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established. *Id.* Gelnett does not have a clear legal right to have the revocation lifted under 42 Pa.C.S. § 5553(e) for the same reasons given for denying his request for summary relief; thus, we also deny his request for a writ of mandamus.

■ We next must examine whether the Department's request for summary relief should be granted. The Department argues that 75 Pa.C.S. § 1542(d)[5] mandates that upon receipt from a district justice of certification of a conviction of an offense listed in 75 Pa.C.S. § 1542, the Department has no discretion, but must impose the five-year revocation where the licensee has been convicted of three included offenses within a five-year period. Therefore, the Department contends that instead of removing the five-year revocation as suggested by Gelnett, the law mandates that it must impose the revocation. *See Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990) (under 75 Pa.C.S. § 1542 revocation is mandatory, not discretionary).

The Department also posits that Gelnett had adequate remedies at law; he could have filed a statutory appeal from the imposition of the five-year revocation pursuant to Section 1550 of the Vehicle Code, 75 Pa.C.S.

§ 1550, or he could have challenged the January 23, 1991 conviction of his 1980 driving under suspension charge by filing a summary criminal appeal pursuant to Pa.R.Crim.P. 86. The fact that Gelnett did not take advantage of these opportunities for appeal in a timely fashion, does not change the law with regard to the Department's mandatory duty to impose the revocation. Therefore, we are persuaded that the Department's request for summary relief must be granted. Its right to judgment is clear.

## ORDER

NOW, January 12, 1996, it is hereby ordered as follows:

1) Gary L. Gelnett's petition for a Writ of Mandamus is denied;

2) Gary L. Gelnett's application for summary relief is denied; and

3) The Department of Transportation, Bureau of Driver Licensing's application for summary relief is granted.

This decision was reached before the resignation of Judge NEWMAN.

---

4. In the alternative, citing *Commonwealth v. Quinn*, 405 Pa.Superior Ct. 487, 592 A.2d 1316 (en banc), *appeal denied*, 529 Pa. 619, 600 A.2d 535 (1991), the Department points out that the two year period set out in 42 Pa.C.S. § 5553(e) is tolled if the delay is attributable to the defendant. The Department here contends that the delay relating to Gelnett's 1980 citation occurred because Gelnett failed to appear until January 23, 1991, when his mother paid the fines and costs for him. Thus, the Department submits that the eleven year delay was caused by Gelnett and

must be excluded from the limitations period. Because we hold that this issue is controlled by *Danks*, we will not address this alternative argument by the Department.

5. 75 Pa.C.S. § 1542(d) states:

(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section *shall* be revoked by the department for a period of five years. (Emphasis added.)