IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Diveglia,                          :
                    Appellant             :
                                          :
        v.                                :   No. 1702 C.D. 2016
                                          :   SUBMITTED:  February 17, 2017
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Driver Licensing                 :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED:  July 14, 2017


        Cynthia Diveglia appeals from an order of the Court of Common Pleas of Adams County (trial court), affirming a driver's license suspension imposed by the Department of Transportation, Bureau of Driver Licensing (Department).  We affirm.


        Diveglia was charged with fleeing and evading a police officer in violation of Section 3733 of the Vehicle Code, 75 Pa.C.S. § 3733, on November 16, 2014.  (Reproduced Record (R.R.) at 33a.)  She was convicted of the offense on January 7, 2016.  On January 21, 2016, information related to that conviction was electronically transmitted to the Department.  (Id. at 41a.)  On January 28, 2016, the Department mailed Diveglia a letter notifying her that her driver's

license was suspended for one year, effective March 3, 2016, as a result of her conviction. (*Id.* at 9-11a.) Diveglia appealed to the trial court on February 11, 2016. (*Id.* at 6-7a.)

On September 8, 2016, a hearing was held before the trial court. The Department introduced a conviction report to demonstrate Diveglia's underlying conviction. The conviction report included four documents: (1) a cover page certifying that the pages in the report were true copies of Department records; (2) a copy of the official notice of suspension mailed to Diveglia; (3) a copy of a DL-21 Form[1] used by the clerk of courts on behalf of the trial court to inform the Department of Diveglia's conviction; and (4) a copy of Diveglia's driving record. (*Id.* at 135-145a.) The DL-21 Form indicated that it was transmitted electronically from the clerk of courts. Diveglia objected to the admission of the DL-21 Form, arguing that the Department failed to demonstrate that the form was transferred to the Department from a court, in compliance with section 1550(d)(2) of the Vehicle Code, 75 Pa.C.S. § 1550(d)(2). (*Id.* at 123-24a.)

On September 19, 2016, the trial court dismissed the appeal, affirming the Department's suspension. (*Id.* at 86a.) Diveglia appealed to this Court on October 11, 2016, arguing that the admission of the DL-21 Form was improper under section 1550(d)(2) of the Vehicle Code, which provides that in an appeal from a driver's license suspension,

> documents received by the [Department] from any other
> court. . . shall be admissible into evidence to support the

---

[1] The DL-21 Form is also described as Sub-Exhibit No. 2 in the record.

> [Department's] case. In addition, if the [Department] receives information from a court by means of electronic transmission. . . it may certify that it has received the information by means of electronic transmission, and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

75 Pa.C.S. § 1550(d)(2).

On appeal,[2] Diveglia does not contest her underlying conviction or the Department's authority to issue a one-year suspension to drivers convicted of that offense. Instead, she argues that the admission of the DL-21 Form was improper under section 1550(d)(2) of the Vehicle Code. Specifically, Diveglia argues that the trial court erred when admitting the DL-21 Form because the Department failed to establish that the electronically transmitted document was received from *a court*. We disagree. The certification from the Department's custodian of driver license records that is included in the conviction report states, in relevant part:

> I hereby attest that the. . . documents listed below and attached hereto are full, true and correct. . . copies of documents and/or electronically stored information of which I have legal custody, and that the copies conform to the requirements of section 6109 of the Judicial Code.
> . . .
> 2) Report of the clerk of courts showing the conviction or acquittal of any violation of the Vehicle Code, electronically transmitted on 01/20/16, Adams County, No. 0000126-2016, date of violation 11/16/14, date of conviction 01/07/16. . . .

---

[2] We review to determine whether the trial court's findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court abused its discretion in reaching its decision. *Department of Transportation, Bureau of Driver Licensing v. Grubb*, 618 A.2d 1152, 1153 n.3 (Pa. Cmwlth. 1992).

(R.R. at 135a.) The DL-21 Form is a standardized Department form that states, "[u]nder Section 6323 of the Vehicle Code, it is mandatory that the Clerk of Courts report all violations of the Vehicle Code." (R.R. at 140a.) In a space provided for a signature by the Clerk of Courts, the form reads, "ELECTRONICALLY TRANSMITTED 01/20/2016." *Id.*

Upon review of these documents and consideration of section 1550(d)(2) of the Vehicle Code, the trial court determined that the conviction report "complies with the requirements of the statutory exception to the hearsay rule set forth in 75 [Pa.C.S.] § 1550" and was properly admitted. (1925(a) Opinion, October 25, 2016, at 3-4.) "The admission of evidence is committed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. . . Discretion is abused where the law is not applied." *Commonwealth v. Chamberlain*, 731 A.2d 593, 595 (Pa. 1999) (citations omitted). In this case, we cannot conclude that the trial court abused its discretion by admitting the DL-21 Form under section 1550(d)(2) of the Vehicle Code. The Department's certification and the DL-21 Form itself indicate that DL-21 Form originated from the Adams County Clerk of Courts.

In *Miles v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth. No. 512 C.D. 2016, filed January 12, 2017)(unreported),[3] we addressed a similar question on the admissibility of certified conviction records

---

[3] Parties may cite an unreported panel decision issued after January 15, 2008 for its persuasive value. Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code § 69.414.

under section 1550(d)(2). There, a licensee objected to the Department's admission of a conviction report because the report indicated that it was received from the Administrative Office of Pennsylvania Courts ("AOPC"), rather than directly from a court. A representative of the Department testified that the documentation of the licensee's conviction came directly from the court, although he presumed that it passed through the AOPC as an intermediary. *Id.* at 2-3. The trial court in *Miles* entered an order sustaining the licensee's appeal, concluding that the record did not fall within the parameters of section 1550(d)(2) because the record was received from the AOPC. *Id.* at 3.

This Court reversed, finding that "[t]here is no support for the proposition that Section 1550(d)(2) of the Vehicle Code prohibits the courts from sending conviction detail through an administrative office." *Id.* at 5. Section 1550(d)(2) provides for the admission of records received by the Department electronically without restriction on the means of electronic transmission. The Court concluded "that the hearsay exception provided in Section 1550(d)(2) permits the admission of Conviction Detail reports that the Department receives from courts by way of the AOPC." *Id.* at 6.

In *Miles*, we concluded that when the Department's certified record shows that an electronic transmission of conviction information originates with a court, it is irrelevant whether it passes through an administrative office en route to the Department for the purposes of section 1550(d)(2) of the Vehicle Code. Similarly, where the Department certifies that it has received an electronic

5

transmission of conviction information by way of a clerk of courts, such information is admissible under section 1550(d)(2).

We affirm.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Diveglia,      :
    Appellant   :
            :
    v.       : No. 1702 C.D. 2016
            :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing   :

# O R D E R

AND NOW, this 14th day of July, 2017, the order of the Adams County Court of Common Pleas in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge