# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Lamar Jones           :
                                   :
        v.                  :        No. 1804 C.D. 2017
                                   :        Submitted: June 15, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Motor Vehicles,       :
                 Appellant   :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED:  August 29, 2018**

Appellant Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT), appeals from an order of the Court of Common Pleas of Chester County (trial court). The trial court sustained the statutory appeal of James Lamar Jones (Licensee) from DOT's three-month suspension of his vehicle registration under Section 1786(d) of the Motor Vehicle Financial Responsibility Law (Law).[1] For the reasons discussed below, we reverse.

On June 7, 2017, GEICO Secure Insurance Company (GEICO) terminated Licensee's motor vehicle insurance policy for nonpayment of the

---

[1] 75 Pa. C.S. § 1786(d).

premium. GEICO reported the termination of Licensee's insurance coverage to DOT. Thereafter, by notice dated August 2, 2017, DOT advised Licensee that pursuant to Section 1786(d) of the Law, it was suspending his vehicle registration for a period of three months, effective September 6, 2017.

Licensee filed a statutory appeal with the trial court, which held a *de novo* hearing on November 2, 2017. At that time, DOT presented certified documents reflecting, *inter alia*, that GEICO cancelled the insurance on Licensee's 2011 Honda sedan on June 7, 2017, and, as a result thereof, DOT suspended Licensee's vehicle registration effective September 6, 2017. (Reproduced Record (R.R.) at 13a-15a.) DOT explained to the trial court that, after it received notice that GEICO terminated Licensee's insurance, it sent Licensee a courtesy notice, explaining that if he did not provide proof of insurance his vehicle registration would be suspended. (*Id.* at 12a.) DOT explained further that it did not receive a response from Licensee, and, on August 2, 2017, DOT notified Licensee that it was suspending his vehicle registration for a period of three months. (*Id.* at 12a-15a.) DOT also explained that it had informed Licensee that he had the option of paying a civil penalty of $500 in lieu of serving the three-month suspension on his vehicle registration. (*Id.* at 15a.)

Licensee admitted that he did not obtain a new motor vehicle insurance policy until July 27, 2017. (*Id.* at 14a.) Licensee explained that he received DOT's courtesy notice "later than [he] was supposed to get it" because he recently moved and "didn't change over [his] address." (*Id.* at 12a, 14a.) Licensee explained further that, when he eventually received the courtesy notice, he was financially unable to obtain vehicle insurance. (*Id.* at 12a, 16a.) Licensee indicated that he was also

2

financially unable to pay the $500 penalty to avoid suspension of his vehicle registration. (*Id.* at 16a.)

By order dated November 2, 2017, the trial court sustained Licensee's statutory appeal. (*Id.* at 31a.) At the time of the *de novo* hearing, the trial court reasoned that Licensee obtained new vehicle insurance "within a reasonable period after thirty days," and that it is unfair and inequitable that people that are financially able to pay the civil penalty can avoid suspension of their vehicle registration. (*Id.* at 17a.) DOT appealed the trial court's decision to this Court. In its Pa. R.A.P. 1925(a) opinion, the trial court acknowledged that it erred by sustaining Licensee's vehicle registration suspension. The trial court stated that Section 1786 of the Law mandated the suspension of Licensee's vehicle registration due to the length of time that Licensee did not maintain financial responsibility coverage. (*Id.* at 42a-43a.) As a result, the trial court requested that this Court remand the matter for further findings. (*Id.* at 44a.)

On appeal,[2] DOT argues that the trial court erred and abused its discretion by sustaining Licensee's appeal. We agree.

Section 1786(a) of the Law[3] provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." Section 1786(d)(1) of the Law further provides:

> [DOT] shall suspend the registration of a vehicle for a period of three months if it determines the required

---

[2] Our scope of review is "limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Dep't of Transp., Bureau of Driver Licensing v. Grubb*, 618 A.2d 1152, 1153 n.3 (Pa. Cmwlth. 1992).

[3] 75 Pa. C.S. § 1786(a).

> financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if [DOT] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

Accordingly, when there is a lapse in financial responsibility, a three-month suspension of a vehicle registration is mandatory. *Pray v. Dep't of Transp., Bureau of Motor Vehicles*, 708 A.2d 1315, 1317 (Pa. Cmwlth. 1998).

In a vehicle registration suspension case for failure to maintain the required financial responsibility, DOT bears the initial burden of showing that: (1) the vehicle is of a type that is required to be registered; and (2) DOT received notice that financial responsibility on the vehicle had been terminated or that the owner or registrant of the vehicle did not provide proof of financial responsibility. 75 Pa. C.S. § 1786(d)(3)(i)-(ii). By doing so, DOT creates a presumption that the vehicle lacked the requisite financial responsibility. 75 Pa. C.S. § 1786(d)(3)(ii). Licensee can overcome this presumption by "producing clear and convincing evidence that the vehicle was insured at the time it was driven" or that one of the three defenses set forth in Section 1786(d)(2) of the Law is applicable. *Id.*; 75 Pa. C.S. § 1786(d)(2)(i)-(iii). The only defense that could be relevant in this case is set forth in Section 1786(d)(2)(i) of the Law, which provides that a vehicle registration should not be suspended if:

> The owner or registrant proves to the satisfaction of [DOT] that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

Here, DOT met its initial burden of proving that Licensee's vehicle was of the type that the Law requires to be registered, and that Licensee's financial

4

responsibility policy had been terminated. There is no question that a 2011 Honda sedan is required to be registered in Pennsylvania. In addition, DOT presented certified records reflecting that GEICO cancelled the insurance policy on Licensee's vehicle for non-payment of the premium. As a result, DOT created a presumption that Licensee's vehicle lacked the requisite financial responsibility policy. Licensee was unable to overcome this presumption. First, Licensee did not offer clear and convincing evidence that he insured his vehicle after GEICO terminated his policy on June 7, 2017. Rather, Licensee admitted that he did not obtain insurance until July 27, 2017, because he was financially unable to do so prior to that time. Second, Licensee was unable to demonstrate that any of the statutory exceptions outlined in Section 1786(d)(2) of the Law are applicable in this case. As stated above, the only potentially relevant exception is set forth in Section 1786(d)(2)(i) of the Law. Licensee admitted, however, that the lapse in insurance coverage lasted from June 7, 2017, to July 27, 2017—*i.e.*, fifty days. Therefore, the exception set forth in Section 1786(d)(2)(i) of the Law does not apply, and Section 1786 of the Law mandates that DOT impose a three-month suspension of Licensee's vehicle registration.

For these reasons, we must conclude that the trial court committed an error of law and abused its discretion by sustaining Licensee's appeal.[4]

---

[4] In sustaining Licensee's appeal, the trial court further reasoned that it felt that it was unfair and inequitable to allow vehicle owners who are financially able to pay the $500 penalty to avoid a suspension. Even though the trial court ultimately acknowledged that it erred in sustaining Licensee's appeal, the trial court continued to express concern that Section 1786 of the Law disproportionately favors those individuals who have the ability to pay the $500 penalty, because Section 1786 of the Law prohibits any examination of whether such individuals have the ability to pay the $500 penalty. (*See* Trial Ct.'s 1925(a) Opinion at 2 n.1.) While we do not necessarily disagree with the trial court's concern, we cannot ignore the fact that Section 1786 of the Law does not permit the trial court to consider hardship or other equitable factors in determining whether to sustain an appeal of a vehicle registration suspension. *See Greenfield v. Dep't of Transp., Bureau*

Accordingly, we reverse the trial court's order.

_____
P. KEVIN BROBSON, Judge

---

*of Motor Vehicles*, 67 A.3d 198, 201 (Pa. Cmwlth. 2013).  Such policy considerations are left to the General Assembly.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Lamar Jones         :

                               :

       v.               :        No. 1804 C.D. 2017

                               :

Commonwealth of Pennsylvania,   :

Department of Transportation,    :

Bureau of Motor Vehicles,       :

              Appellant   :

## **O R D E R**

AND NOW, this 29th day of August, 2018, the order of the Court of Common Pleas of Chester County is REVERSED.

 

                                                  _____

                                           P. KEVIN BROBSON, Judge