# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Mason and        :
Elizabeth Mason        :
       :
      v.        :    No. 480 C.D. 2019
       :    Submitted: October 25, 2019
Commonwealth of Pennsylvania,        :
Department of Transportation,        :
Bureau of Motor Vehicles,        :
                 Appellant        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: January 17, 2020**


      The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated March 21, 2019. The trial court's order sustained the appeal of Christopher Mason and Elizabeth Mason (collectively, "Licensees"), thereby effectively reversing Licensees' vehicle registration suspension. For the reasons discussed below, we reverse the trial court's order.

      On September 3, 2018, Safe Auto Insurance Company terminated Licensees' vehicle insurance policy for nonpayment of the premium. (Reproduced Record (R.R.) at 5a.) Safe Auto Insurance Company reported the termination of Licensees' insurance coverage to the Bureau. (*Id*.) Consequently, by notice dated

November 6, 2018, the Bureau notified Licensees that their vehicle registration would be suspended for three months effective December 11, 2018, pursuant to Section 1786(d) of the Vehicle Code, 75 Pa. C.S. § 1786(d). (*Id.*)

On December 4, 2018, Licensees filed a statutory appeal with the trial court pursuant to Section 1550 of the Vehicle Code, 75 Pa. C.S. § 1550. Thereafter, the trial court held a *de novo* hearing at which counsel for the Bureau explained the events leading up to the Bureau's decision to suspend Licensees' vehicle registration—*i.e.*, Safe Auto Insurance Company's termination of Licensees' vehicle insurance policy for nonpayment and Safe Auto Insurance Company's subsequent notification to the Bureau of the action it took with respect to Licensees' insurance policy. (*Id.* at 9a-10a.) Counsel for the Bureau explained further that Licensees' lapse in financial responsibility coverage spanned from September 3, 2018, until October 4, 2018, which is a 31-day period. (*Id.*) Accordingly, Licensees could not avail themselves of the defense provided by Section 1786(d)(2)(i) of the Vehicle Code, 75 Pa. C.S. § 1786(d)(2)(i), which is available if, *inter alia*, the lapse period is *less than 31 days*. (*Id.*) Consequently, although Licensees proved that they did not operate the vehicle during the lapse period—thereby satisfying the other requirement of Section 1786(d)(2)(i) of the Vehicle Code—counsel for the Bureau argued that Licensees are not entitled to the benefit of the defense against vehicle registration suspension because the lapse period was not less than 31 days. (*Id.* at 10a.)

Christopher Mason, one of the Licensees in the matter, explained that neither he nor the other Licensee, Elizabeth Mason, operated the vehicle during the lapse period. (*Id.* at 11a.) He made payment on the insurance policy on October 3, 2018, and, therefore, contended that the lapse in financial responsibility

2

coverage was only 30 days instead of 31 days. (*Id*. at 10a-11a.) Counsel for the Bureau responded by arguing that the date of payment is immaterial and that the vehicle insurance effective date—*i.e.*, October 4, 2018,—is the operative date for purposes of the Vehicle Code. (*Id*. at 12a-13a.) At the hearing, the trial court judge sustained Licensees' appeal, taking issue with the language of Section 1786(d)(2)(i) of the Vehicle Code, opining as follows: "It seems to me maybe the legislature wanted to say a month, so to be on the safe side, they said 31 days." (*Id*. at 14a.) In concluding as such, the trial court judge appeared to imply that the legislature's intention was to allow licensees who have a lapse in financial responsibility coverage for only a month, whether that be 30 or 31 days, to avail themselves of the defense against vehicle registration suspension provided by Section 1786(d)(2)(i) of the Vehicle Code. Thereafter, on March 21, 2019, the trial court issued its order sustaining Licensees' appeal. (*Id.* at 26a.)

The Bureau filed the instant appeal from the trial court's order to this Court. (*Id*. at 28a.) The trial court then filed an opinion in support of its order. (*Id*. at 40a-42a.) In its opinion the trial court succinctly concluded that Licensees' lapse in financial responsibility coverage was 31 days, and, therefore, Licensees were exempted from vehicle registration suspension. (*Id*. at 42a.) In coming to this conclusion, the trial court opined that although Section 1786(d)(2)(i) of the Vehicle Code only affords the defense to licensees who, *inter alia*, have a lapse in financial responsibility coverage for a period *less than 31 days*, Pennsylvania's case law seems to indicate that the legislature intended otherwise. (*Id*.) Specifically, the trial court opined that our case law indicates that the defense is unsuccessful when a licensee has a lapse period of more than 31 days and, therefore, the defense may be

3

successful when the lapse period is 31 days or less as opposed to solely less than 31 days. (*Id*.)

On appeal,[1] the Bureau argues that the trial court committed an error of law in sustaining Licensees' appeal where Licensees' lapse in financial responsibility coverage spanned a 31-day period and not the less than 31-day period contemplated by Section 1786(d)(2)(i) of the Vehicle Code.

Section 1786(a) of the Vehicle Code, 75 Pa. C.S. § 1786(a), provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." Section 1786(d)(1) of the Vehicle Code further provides:

> The [Bureau] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the [Bureau] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. § 1786(d)(1). Accordingly, when there is a lapse in financial responsibility coverage, a three-month suspension of a vehicle registration is mandatory. *Pray v. Dep't of Transp., Bureau of Motor Vehicles*, 708 A.2d 1315, 1317 (Pa. Cmwlth. 1998).

In a vehicle registration suspension case for failure to maintain the required financial responsibility coverage, the Bureau bears the initial burden of showing that: (1) the vehicle is of a type that is required to be registered; and (2) the

---

[1] This Court's scope of review is "limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Dep't of Transp., Bureau of Driver Licensing v. Grubb*, 618 A.2d 1152, 1153 n.3 (Pa. Cmwlth. 1992).

Bureau received notice that financial responsibility coverage on the vehicle had been terminated or that the owner or registrant of the vehicle did not provide proof of financial responsibility coverage. 75 Pa. C.S. § 1786(d)(3)(i)-(ii). By doing so, the Bureau creates a presumption that the vehicle lacked the requisite financial responsibility coverage. 75 Pa. C.S. § 1786(d)(3)(ii). A licensee can overcome this presumption by "producing clear and convincing evidence that the vehicle was insured at all relevant times" or that one of the three defenses set forth in Section 1786(d)(2) of the Vehicle Code is applicable. *Id.*; 75 Pa. C.S. § 1786(d)(2)(i)-(iii). One such defense, particularly relevant to this matter, is set forth in Section 1786(d)(2)(i) of the Vehicle Code, which provides that a vehicle registration should not be suspended if:

> The owner or registrant proves to the satisfaction of the [Bureau] that the lapse in financial responsibility coverage was for a period of *less than 31 days* and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

(Emphasis added.)

Here, the Bureau contends that the trial court erred by sustaining Licensees' appeal. Specifically, the Bureau argues that the trial court committed an error of law in concluding that Licensees successfully defended against vehicle registration suspension where Licensees' lapse in financial responsibility coverage spanned a 31-day period and not the *less than 31-day* period contemplated by Section 1786(d)(2)(i) of the Vehicle Code. We agree. Licensees' vehicle insurance policy was cancelled on September 3, 2018, and reinstated on October 4, 2018. The lapse period is, therefore, 31 days. Contrary to the trial court's discussion in its opinion, our case law does not depart from Section 1786(d)(2)(i) of the Vehicle Code. *See, e.g., Burton v. Dep't of Transp., Bureau of Motor Vehicles*, 973 A.2d

5

473 (Pa. Cmwlth. 2009) (concluding that licensee who failed to maintain vehicular financial responsibility coverage for *31 days* could not avail herself of defense provided by Section 1786(d)(2)(i) of Vehicle Code). In support of its opinion that our case law departs from the Vehicle Code in this respect, the trial court points to *Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294 (Pa. Cmwlth. 2004), and *Greenfield v. Department of Transportation, Bureau of Motor Vehicles*, 67 A.3d 198 (Pa. Cmwlth. 2013). In both cases, this Court held that the defense afforded by Section 1786(d)(2)(i) of the Vehicle Code is inapplicable "where the lapse in financial responsibility is not *within 31 days*." *Greenfield*, 67 A.3d at 201 (emphasis added); *Banks*, 856 A.2d at 296 (emphasis added). To begin with, both cases are inapposite to the matter now before this Court because each refers to situations in which licensees failed to maintain financial responsibility coverage for a period greater than *and not equal to* 31 days. Further, despite the choice of words used in these cases, we do not believe that this Court intended to depart from the language of Section 1786(d)(2)(i) of the Vehicle Code and create an entirely different defense unsupported by the statute. Consequently, because Licensees' lapse in financial responsibility coverage lasted 31 days and not *less than 31 days* as provided by Section 1786(d)(2)(i) of the Vehicle Code, Licensees may not avail themselves of this defense. Accordingly, the trial court committed an error of law by sustaining Licensees' appeal.

Based on the above discussion, we reverse the trial court's order.

P. KEVIN BROBSON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Mason and       :
Elizabeth Mason              :
                                 :
           v.             :    No. 480 C.D. 2019
                                 :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Motor Vehicles,         :
                Appellant    :

## O R D E R

AND NOW, this 17th day of January, 2020, the order of the Court of Common Pleas of Allegheny County, dated March 21, 2019, is REVERSED, and Christopher and Elizabeth Mason's vehicle registration suspension is REINSTATED.

<br>

                                    P. KEVIN BROBSON, Judge